ROSS DAVIDSON V. THE STATE.

No. 16581.   Delivered May 23, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*Thomas B. Ridgell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully transporting intoxicating liquor,

and his punishment assessed at confinement in the state penitentiary for a term of two years.

The facts, briefly stated, are as follows: On the 9th day of April, 1933, while the appellant was traveling in a Ford coupe on Jefferson Highway, No. 65, in Upshur County, he was stopped by some officers. After they had stopped his car, which during operation was making a very loud noise, the officers walked up to the car, raised the hood, looked in there and said, "What is wrong with the muffler," to which the appellant replied, "It cut loose up the road a little way." Mr. Rockley, the officer, testified: "I noticed he was drinking. I could tell he had been drinking liquor. I said to the defendant and his companion, 'You boys must have been drinking. How about looking through your car?' to which the defendant replied, 'Yes, all right.'" The officer further testified that he smelled whisky on appellant's breath and thereafter they searched the car which search disclosed a ten gallon keg and 12 one-half gallons of whisky.

By bills of exception 5, 7 and 10, the appellant complains of the action of the trial court in permitting the introduction of the testimony of the officer relating to the search of the car and the discovery of the whisky therein because the search of the car was made without a search warrant and without probable cause. We cannot agree to the appellant's contention for the following reasons: First, the officer had a right to stop the automobile because it was being operated along and upon a public highway with a disconnected exhaust pipe, making considerable noise, which was in violation of article 797, P. C.; second, after the car was stopped the conduct and appearance of appellant, together with the odor of whisky on his breath was sufficient, we think, to constitute probable cause which would authorize a search of the car without a warrant; and, third, because the uncontroverted testimony shows that when the officer said to appellant, "How about looking through your car," the appellant, after a moment's hesitation, replied, "Yes sir, I guess so," which indicates that the appellant consented to the search of his car without a search warrant. Whenever consent is given to a search of a car, it is not necessary to have or produce a search warrant, as was said in the case of Smyrle v. State, 107 Texas Crim. Rep., 663; Gordon v. State, 111 Texas Crim Rep., 337, and many other cases might be cited in support thereof.

By bill of exception No. 3 the appellant complains of the action of the trial court in overruling his motion for postponement

of the trial for a few hours in order that he might produce the Ford coupe in which appellant was traveling in order to demonstrate to the jury that it was a black Ford coupe and not a green colored Ford coupe as testified to by the officers. We do not see that the color of the car would have any bearing upon any issue in the case inasmuch as whisky was found in the car in which the appellant was traveling. Hence, the appellant's bill of exception fails to disclose any error and is overruled.

The other bills of exception contained in the record appear to be without merit. Inasmuch as there is some question raised as to whether the court had a right to qualify the appellant's bills of exception at the time and in the manner disclosed by the record, we have examined and disposed of the same without regard to the court's qualifications.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—By motion for rehearing appellant renews the contentions which were presented originally. Officers had stopped a truck which they thought was being operated in violation of the law. While the officers were at the truck appellant approached driving a car which was making an unnecessary noise as a result of a disconnected muffler. On account of the noise the car was stopped, and the officers then smelled whisky and discovered that appellant was drinking. What occurred between appellant and the officers is sufficiently stated in our original opinion. The court properly permitted the officers to testify as to the search of appellant's car and the result thereof under the circumstances shown.

We have again examined the bills presenting other questions and find no reversible error shown.

The motion for rehearing is overruled.

*Overruled.*