**Charles Wayne BATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–01–00293–CR.**

Court of Appeals of Texas, Tyler.

July 24, 2002.

Discretionary Review Refused Sept. 11, 2002.

Nancy P. Perkins, Athens, for appellant.

Donna R. Bennett, District Attorney's Office, Athens, appellee.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

LOUIS B. GOHMERT, JR., Chief Justice.

Charles Wayne Bates ("Appellant") appeals his conviction for possession of a controlled substance with intent to deliver, for which he was sentenced to imprisonment for forty-five years. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

At approximately 4:00 AM on October 9, 1999, Investigator Bryan Nutt ("Nutt") and Deputy Joseph Miller ("Miller"), acting on an anonymous tip that there was a drug lab on the premises, arrived at the rural home of Brenda Green ("Green"). It is undisputed that the officers did not have a warrant to search Green's property. Nutt identified himself, advised Green that he had received information concerning a drug lab and asked Green's permission to search the premises. Green orally consented to the search and proceeded with Nutt to her outbuilding.[1] Miller remained behind and entered Green's house. Once

---

1. The extent of search consented to by Green was disputed in the trial court at the hearing on Appellant's motion to suppress. Nutt and Miller each testified that Green consented to a search of the outbuilding, the area outside of the house, and the house itself. However, Green testified that she did not consent to the officers' searching her house. Tina King also testified that she heard Green's conversation with Nutt and Miller and that Green did not consent to a search of the house.

inside, Miller encountered three individuals, Jimmy Crawford ("Crawford"), Tina King ("King") and Appellant. A search of Appellant revealed a substance later identified as 2.35 grams of methamphetamine and Appellant was arrested.

Appellant filed a motion to suppress the admission of the methamphetamine taken from him by Miller at the time of his arrest. A hearing was conducted on Appellant's motion prior to trial. Both Nutt and Miller testified that they were given oral consent by Green to search her house. Miller testified that upon entering the house, he identified himself to the three individuals, who appeared to be nervous, wide awake and under the influence of drugs. Miller asked the three who they were and if they had any weapons or narcotics in their possession. Miller testified that Crawford stood and said that he did not have any such things in his possession and that Miller could search him. Miller searched Crawford and, finding nothing, next asked Appellant if he would turn his pockets out. Miller testified that Appellant voluntarily complied and removed four red plastic bags from his pockets, which appeared to contain methamphetamine or amphetamine. Miller further testified that he did not threaten, coerce or otherwise force Appellant to empty his pockets. On the other hand, both Green and King testified that Green did not give the officers consent to search her house. Appellant testified that he had not consented to a search by Miller. After admitting that she was under the influence of methamphetamine at the time, King testified that she could not remember whether Appellant emptied his own pockets or Miller had emptied Appellant's pockets for him. At the conclusion of the hearing, the trial court overruled Appellant's motion and the cause proceeded to trial.

After a trial on the merits, a jury found Appellant guilty as charged. Subsequently, the trial judge, finding enhancement paragraphs in the indictment to be "true," sentenced Appellant to imprisonment for forty-five years. Appellant filed a motion for new trial contending that the trial court should have granted Appellant's motion to suppress and that Appellant had received ineffective assistance of counsel. The trial court overruled Appellant's motion for new trial and this appeal followed.

### LEGALITY OF A SEARCH AND SEIZURE

In his first three issues, Appellant argues that the trial court erred because it improperly overruled his motion to suppress.

### Standard of Review

We review a trial court's ruling on a motion to suppress for abuse of discretion. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Curry v. State*, 965 S.W.2d 32, 33 (Tex.App.Houston [1st Dist.] 1998, no pet.). In reviewing the trial court's ruling, we apply a bifurcated standard of review. *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Hernandez v. State*, 957 S.W.2d 851, 852 (Tex.Crim.App.1998). We give almost total deference to the trial court's determination of historical facts, while conducting a *de novo* review of the trial court's application of the law to those facts. *See Carmouche*, 10 S.W.3d at 327. The trial court is the exclusive finder of fact in a motion to suppress hearing, and as such, it may choose to believe or disbelieve any or all of any witness's testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

### Consent

At the hearing on his motion to suppress, Appellant argued that the State failed to meet its burden of proof that Appellant had consented to the search by

Miller.[2] It is an unbroken rule in Texas that an accused may give his consent to a search and thereby waive irregularities in the search warrant or dispense altogether with the necessity for one. *See Joslin v. State,* 165 Tex.Crim. 161, 305 S.W.2d 351, 352 (1957) (citing *Davidson v. State,* 126 Tex.Crim. 572, 72 S.W.2d 591, 592 (1934)). The State has the burden to demonstrate consent by clear and convincing evidence. *See State v. Ibarra,* 953 S.W.2d 242, 243 (Tex.Crim.App.1997). In the instant case, both Nutt and Miller testified that Green consented to their search of her house. Green and King offered testimony that Green gave no such consent. Moreover, Miller testified that Appellant consented to Miller's search of his person, while Appellant testified that he gave no such consent, and King, who admitted that she was under the influence of methamphetamine at the time, testified that she could not remember whether Appellant emptied his own pockets or whether Miller emptied Appellant's pockets for him. Miller also testified that he did not threaten, coerce or otherwise force Appellant to empty his pockets.

As the trier of fact, the trial court was entitled to believe Miller and Nutt's version of events, while disregarding the version as set forth by Green, King and Appellant. Therefore, based on the record, we hold the trial court could have reasonably concluded that the State met its burden to show consent. As such, the trial court did not abuse its discretion in denying Appellant's motion to suppress. Furthermore, to the extent that the trial court's denial of Appellant's motion for new trial was based on Appellant's allega-

tions that his motion to suppress was improperly denied, we hold that the trial court did not abuse its discretion in overruling Appellant's motion for new trial. Appellant's issues one, two and three are overruled.

### MOTION FOR NEW TRIAL RELATED TO INEFFECTIVE ASSISTANCE OF COUNSEL

Although Appellant does not frame it as such, his argument asserting ineffective assistance of counsel is, in effect, a challenge to the denial of his motion for new trial. Such is the case because the new trial proceeding is where the issue was first presented to and ruled upon by the trial court and because Appellant otherwise lacked a sufficient record to present that challenge for the first time on appeal. *See* TEX.R.APP. P. 21.2 (a motion for new trial is a prerequisite to presenting a point of error on appeal where it is necessary to adduce facts not in the record). A trial court's ruling denying a defendant's motion for new trial is reviewed for abuse of discretion. *See Salazar v. State,* 38 S.W.3d 141, 148 (Tex.Crim.App.2001). When the appellant has presented evidence on his counsel's alleged ineffectiveness at a hearing on a motion for new trial, we review the application of the *Strickland*[3] test through the prism of an abuse of discretion standard. *See State v. Gill,* 967 S.W.2d 540, 542 (Tex.App.Austin 1998, pet. ref'd). In considering a motion for new trial, the trial court possesses broad discretion in assessing credibility of witnesses and in weighing the evidence to determine if a different result would occur upon retri-

---

2. As noted by the State of Texas (the "State") in its brief, Appellant's brief seems to raise additional arguments as to the illegality of Miller's search. However, to the extent that such arguments were not raised in Appellant's motion to suppress or at the hearing

thereon, we will not consider them as grounds for reversal. *See* TEX.R.APP. P. 33.1.

3. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

al. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995). We must determine whether the trial court's application of *Strickland* and its subsequent decision to deny the motion for new trial were so outside the zone of reasonable disagreement that they are subject to reversal. *See State v. Kelley*, 20 S.W.3d 147, 151 (Tex.App.-Texarkana 2000, no pet.).

The proper standard by which to gauge the adequacy of representation by counsel is articulated in *Strickland v. Washington. See also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The test set forth in *Strickland* requires a two-step analysis:

1. Did the attorney's performance fail to constitute "reasonably effective assistance," *i.e.*, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2. If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

*See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to undermine confidence in the outcome" of the case. *Id.* Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *See Hernandez*, 726 S.W.2d at 55. The burden is on the appellant to overcome that presumption. *See Burruss v. State*, 20 S.W.3d 179, 186 (Tex.App.Texarkana 2000, pet. ref'd). The appellant must show specific acts or omissions that constitute ineffective assistance and affirma-

tively prove that those acts fell below the professional norm for reasonableness. *Id.*

After proving error, the appellant must affirmatively prove prejudice. *Id.* The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Id.* It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt. *Id.*

■ In the case at hand, Appellant argues that his trial counsel was ineffective in that (1) he failed to call Crawford as a witness for the motion to suppress hearing and (2) he failed to conduct an independent analysis of the substance recovered from Appellant to determine if it was methamphetamine. However, trial counsel's failure to call witnesses is irrelevant absent a showing that such witnesses were available and that the appellant would have benefitted from their testimony. *See Butler v. State*, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986); *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983). Here, Appellant neither presented evidence nor argument in support of his motion for new trial related to the substance of Crawford's testimony or that Crawford was available to testify at the hearing on Appellant's motion to suppress.

■ Moreover, even assuming *arguendo* that Appellant's trial counsel's failure to conduct an independent analysis of the substance in question satisfied the first prong of the *Strickland* test, Appellant must still affirmatively prove prejudice. *See Burruss*, 20 S.W.3d at 186. The last sentence of Appellant's briefing of this issue reads, "If the substance in question was not a controlled substance, particular-

ly methamphetamine, Appellant [c]ould have been acquitted." Such a statement amounts to little more than a hypothetical situation with no basis in the record.

We iterate that the burden of proof as to this issue rests squarely upon Appellant. *See Burruss,* 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings would have been different. We stress that a "reasonable probability" is "probability sufficient to undermine confidence in the outcome" of the case. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Here, Appellant presented no evidence in support of his motion for new trial to call into question the undisputed testimony of the State's witness that the substance recovered from Appellant was a controlled substance. Moreover, there is no record on appeal of the hearing on Appellant's motion for new trial. As such, we conclude that Appellant's proposition that the substance might not have been methamphetamine does not undermine our confidence in the outcome of Appellant's trial. Therefore, since Appellant has failed to satisfy his burden under *Strickland,* we hold that he was not denied his right to effective assistance of counsel and the trial court did not abuse its discretion in overruling Appellant's motion for new trial. Appellant's fourth issue is overruled.

Accordingly, the trial court's order overruling Appellant's motion to suppress and subsequent order overruling Appellant's motion for new trial are both ***affirmed.***