In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00180-CR


______________________________




DONNY WAYNE ELAM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18,831-2005




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 A routine traffic stop (1) of the vehicle driven by Donny Wayne Elam (2) and carrying Ronald
Wayne Haymes resulted in the arrest of both men. Elam was arrested and prosecuted for possession
of a controlled substance, methamphetamine. The jury found Elam guilty, found the enhancements
true, and assessed punishment at seventy-five years' imprisonment. On appeal, Elam's sole point of
error is that he received ineffective assistance of counsel at trial. Because Elam has failed to show
(1) a reasonable probability of a different outcome and (2) that Elam's trial counsel's performance
fell below an objective standard of reasonableness, we affirm the judgment of the trial court.

 Elam's ineffective-assistance argument centers on a belated and unsuccessful attempt by
Elam's trial counsel to get Haymes bench warranted from his place of incarceration in the Texas
Panhandle to testify at Elam's trial in East Texas. At the time of Haymes' and Elam's arrests, Haymes
had a warrant outstanding for his arrest. By the time Elam's trial occurred, Haymes had been jailed
in Amarillo. 

 Just before jury selection, Elam's trial counsel asked for a continuance so he could secure the
presence of Haymes at trial by a bench warrant. Elam's trial counsel informed the trial court he did
not realize he would need to bench warrant Haymes until approximately three weeks before trial. 
At that time, the prosecution had not elected which of the four charges pending against Elam it
would pursue. The State decided to proceed on controlled substance possession charge while Elam's
trial counsel was on a planned two-week vacation. Elam's trial counsel claimed he needed a
continuance because, by the time he returned from vacation, there was insufficient time to bench
warrant Haymes. (3) The trial court denied the request for a continuance. 

 At trial, Elam's trial counsel attempted to introduce a portion of a presentence investigation
(PSI) report prepared on Haymes. Because the PSI report had been sealed, Elam's trial counsel was
not actually able to view the PSI report until the day of trial. (4) The report contained the following
statement by Haymes:

 Donny and I had been helping my step-mother and grandmother with some
remodeling in Tyler. We both decided on the 14th of February, 2003 that we would
go to my house for the weekend. Upon arrival I received a call from a friend saying
he had some speed for me if I would get rid of a few things for him. I said sure. 
While we were waiting for my friend, Donny fell asleep. While he was asleep my
friend showed up and loaded my car with the things that he wanted disposed of. He
then came inside gave me some speed and told me to throw away anything in my car
that wasn't mine. We worked around my house doing yard work throughout the
weekend then on Sunday we left to return to Tyler. We proceeded until we were
arrested.


The State objected to the statement as hearsay, and the trial court sustained the State's objection. 

 As is usually necessary to develop the record on ineffective assistance claims, Elam
requested, and the trial court held, a hearing on Elam's motion for new trial. At that hearing, Elam's
trial counsel admitted that Elam had told him in their original consultation that Haymes had some
favorable information. Elam's trial counsel testified he did not attempt to obtain a bench warrant
earlier because he "didn't have any personal knowledge other than what my client said." Elam's trial
counsel testified he had been practicing criminal law for over thirty years and knew how to bench
warrant an incarcerated witness.

. Elam called Haymes as a witness at the hearing on the motion for new trial, but Haymes
refused to testify, invoking his Fifth Amendment protection against self-incrimination. 

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668, 694-95 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an objective
standard of reasonableness and (2) to show a "reasonable probability" that, but for trial counsel's
errors, the result of the trial would have been different. Strickland, 466 U.S. at 694; see also Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To meet the first prong of this burden, an
appellant must prove that his or her attorney's representation fell below the standard of prevailing
professional norms. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this
standard, a claimant must prove that counsel's representation so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a just result.
Strickland, 466 U.S. at 686. Elam has failed to meet both prongs.

(1) Elam Has Failed to Show a Reasonable Probability of a Different Outcome

 Assuming, arguendo, that Elam's trial counsel's performance was deficient in failing to obtain
Haymes' presence to testify at trial, Elam has failed to show a "reasonable probability" that, but for
trial counsel's errors, the result of the trial would have been different. A reasonable probability is
a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d
53, 55 (Tex. Crim. App. 1986). 

 The failure to call witnesses may be ineffective assistance of counsel. Butler v. State, 716
S.W.2d 48, 55 (Tex. Crim. App. 1986) (failure to present available alibi witnesses deemed
ineffective assistance of counsel). But such witnesses must be shown to be available and to actually
benefit the defense. Id.; Bates v. State, 88 S.W.3d 724, 728 (Tex. App.--Tyler 2002, pet. ref'd);
Simms v. State, 848 S.W.2d 754, 758 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). 

 Elam contends Haymes' statement, the only statement indicating knowledge of either party
in the car at the time of the arrest, clearly undermines confidence in the outcome. According to
Elam, there is a reasonable probability of a hung jury or an acquittal. We disagree. Even assuming
Haymes' testimony would have been consistent with his prior statement, (5) the probability of a
different outcome is not sufficient to undermine confidence in the jury's verdict. While Haymes'
statement may well be the only statement which explicitly addresses Elam's state of mind or
knowledge that the contraband was in the vehicle, there is considerable circumstantial evidence that
Elam knowingly possessed the methamphetamine. Even if the jury believed Haymes' statement in
its entirety, there is not a reasonable probability the jury would have reached a different result. The
statement, if believed, is merely evidence that Elam was not aware of the methamphetamine when
it was placed in his car. The statement fails to absolve Elam of knowingly or intentionally
possessing methamphetamine at the time of the arrest. Elam's fingerprint was found on a jar
containing over eighty-three grams, including adulterants and dilutants, of methamphetamine. The
statement fails to explain the presence of Elam's fingerprint. Elam's fingerprint is rather persuasive
evidence that Elam knew about the methamphetamine before the traffic stop. In addition, Elam was
the driver of and had control over the contents of the vehicle. Elam has failed to show a reasonable
probability a jury would conclude Elam did not know of the methamphetamine.

(2) Elam Has Failed to Show Trial Counsel's Performance Was Deficient

 Elam has also failed to meet the first prong of Strickland--that his trial counsel's
performance was deficient. Elam argues his trial counsel was ineffective for not having Haymes
brought to trial by bench warrant to provide either exculpatory testimony or the circumstances
necessary to have the statements in the PSI report admitted into evidence. First, Elam has not
overcome the strong presumption that counsel's conduct was reasonable. Elam's argument is
premised on the conclusion that counsel's sole reason in not requesting a bench warrant was that
counsel believed there was insufficient time. Other than the claim of insufficient time, any other
reasons Elam's trial counsel may have had for not requesting a bench warrant are not contained in
the record, but are not excluded by the testimony. Elam's trial counsel was never asked to provide
his reasons for not requesting a bench warrant; he was only asked to recount the events and explain
why he believed there was insufficient time to secure the warrant. Elam's trial counsel may have
had additional strategic reasons for not requesting a bench warrant. We are prohibited from
speculating on the reasons for counsel's actions. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994).

 Trial counsel may have decided the better strategy was to attempt to introduce into evidence
the statement contained in the PSI report. As noted by the trial court, Elam's trial counsel had not
requested a bench warrant when he moved for a continuance. Despite requesting a continuance,
Elam's trial counsel may have concluded it would be better to merely attempt to introduce the
statement than to expose his client to the potential risks of Haymes' testimony. Arguably, the
statement could be interpreted as a statement against penal interest. See Tex. R. Evid. 803(24). 
While the statement is self-serving in absolving Haymes of the manufacture of methamphetamine,
the statement could be interpreted as inculpatory in that Haymes admits to knowing of the
methamphetamine. Although this argument was ultimately rejected, ineffective assistance of counsel
claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. 

 Second, even if counsel was deficient in failing to secure Haymes' presence for trial, we are
unable to conclude that, under the totality of the circumstances, Elam's trial counsel's performance
was deficient. Ineffective assistance of counsel claims must be evaluated based on the totality of
the circumstances. Strickland, 466 U.S. at 693; Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1999). "Isolated failures to object to certain procedural mistakes or improper evidence or
argument do not constitute ineffective assistance of counsel." Wenzy v. State, 855 S.W.2d 52, 53
(Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). Elam was not entitled to errorless counsel. See
Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); Ex parte Welborn, 785 S.W.2d at
393.

 Elam's trial counsel filed numerous pretrial motions, conducted a hearing on the motion to
suppress, presented defensive testimony, conducted an active voir dire, and cross-examined the
State's witnesses. During trial, counsel made many objections to the State's evidence. Counsel
presented testimony from Elam's mother which, if believed, would have exonerated Elam of any
criminal conduct. During the punishment phase, Elam's trial counsel presented evidence of Elam's
good character, work history, and emphasized that Elam's prior convictions were over twenty years
old. Even if the failure to obtain Haymes for trial was error, we are unable to conclude, under the
totality of the circumstances, that Elam's trial counsel's performance was deficient. We conclude 
Elam's trial counsel's performance did not reach the level required to constitute ineffective assistance
of counsel.






 Elam has failed to show a reasonable probability of a different outcome or that Elam's trial
counsel's performance was deficient. We affirm the judgment. 




 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 20, 2006

Date Decided: December 5, 2006


Do Not Publish
1. When Deputy Robert Holland of the Wood County Sheriff's Department observed that the
vehicle being operated by Donny Wayne Elam was missing its front license plate, he initiated a
routine traffic stop. Holland discovered that Elam had been driving with a suspended license and
that the passenger, Ronald Wayne Haymes, had an outstanding warrant for his arrest. When
informed by Holland that a pat-down search would be performed, Elam advised Holland he had a
needle in his pocket which he used "to shoot up speed." Both Elam and Haymes were placed under
arrest. 

 Pursuant to an inventory search of the vehicle, the police discovered a set of scales, a Pyrex
cooking plate, funnels, iodine, lye, and other items commonly used to manufacture
methamphetamine. In addition, a powdery substance, which later tested positive for amphetamines,
and several jars containing liquids were discovered. Elam's fingerprint was lifted from one of the
jars which was later determined to contain 83.70 grams of methamphetamine including dilutants and
adulterants. Smith County Deputy Sheriff Darrell Robinson testified that items discovered were
"common components of a drug lab used to manufacture methamphetamine." Dennis Pridgen, a
chemist with the Texas Department of Public Safety, testified there were sufficient ingredients found
in the vehicle to produce methamphetamine. 
2. We note the vast majority of the documents at the trial, including the trial court's judgment,
spelled appellant's name as Donny Wayne Elam. By contrast, his name was spelled Donnie Wayne
Elam on Elam's notice of appeal and was entered on our docket as Donnie W. Elam. 
3. Elam's trial counsel had been informed by the prison authorities that it would take at least
two weeks to bench warrant a prisoner. When Elam's trial counsel raised the issue later during trial,
the trial court noted that, in its experience, once a bench warrant is issued, "it takes however long
it takes for one of our deputies to drive to that location, in this case, to the Panhandle and come back
and that can be done easily within 24 hours." 
4. We note Elam's trial counsel testified at the hearing on Elam's motion for new trial that he
had specifically asked the prosecution whether there were any exculpatory statements in the PSI
report and was advised there was nothing exculpatory. 
5. It is unclear if Haymes' testimony would have benefitted the defense. Because Haymes
refused to testify at the hearing on the motion for new trial and invoked the Fifth Amendment, there
is no direct evidence of what Haymes' testimony would have been or even if he would have testified. 
Haymes may have refused to testify if his presence had been secured. Elam argues that, if Haymes
claimed the Fifth Amendment, the statements would be admissible under Rule 804. The statement,
though, does not qualify as former testimony, a dying declaration, or a statement of personal or
family history and, therefore, would not be admissible under Rule 804 even if Haymes was
unavailable. See Tex. R. Evid. 804(b). Even if Haymes did not invoke the Fifth Amendment, his
testimony may have differed from his prior statement. While the statement in the PSI report may
be admissible under this scenario as a prior inconsistent statement, one must still presume the
admission would be beneficial in the absence of evidence as to what Haymes would have testified
to. The possibility exists that Haymes' testimony may have been more detrimental to Elam than the
benefit obtained in admitting the prior statement. The presumption that Haymes' presence would
have benefitted the defense is mere speculation.