In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00118-CR


______________________________




MICHAEL GONZALES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35549-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Michael Gonzales appeals his jury conviction on his plea of guilty to the offense of felony
driving while intoxicated. The jury assessed punishment at three years' imprisonment.

 On appeal, Gonzales complains that the trial court erred by allowing the State to make an
impermissible jury argument. 

 A defendant's right not to be subjected to erroneous jury arguments is one of those rights that
is forfeited by a failure to insist upon it. See Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.
1993). A defendant who fails to object to a jury argument or who, after an objection to improper
jury argument, fails to pursue his objection to an adverse ruling, forfeits his right to complain about
the argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

 In this case, no objection was made during the State's closing argument to the jury. 
Therefore, this point of error is waived. See id. at 89; Marin, 851 S.W.2d at 279.

 Even if not waived, the complained-of statements (1) made by the State fall within the four
permissible areas of jury argument: (1) summation of the evidence presented at trial; (2) reasonable
deduction from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law
enforcement. See Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). We find no error
in the State's jury argument.

 We affirm the judgment of the trial court.


 Bailey C. Moseley

 Justice


Date Submitted: April 25, 2008

Date Decided: May 1, 2008


Do Not Publish

1. These statements include: "What I'm saying is, he cannot control himself." "But when
somebody, whether they're a bad individual or not, cannot control themselves, . . . they need
somebody, you, to control them." "You are Gregg County. This is your home. This is where we
live. This is where our loved ones are. And when an individual cannot control themselves, can't take
responsibility like a grown-up should for their own actions, whether they like them or not, you have
a responsibility to do something for him, to make him take a time-out for a little while, and maybe
that will get his attention, because probation hasn't worked, county jail time hasn't worked. Well,
what have we not tried?" and "He doesn't even think he has a drinking problem. That is the most-the
scariest thing I heard this morning come out of this mouth. An individual who has three DWIs has
got a drinking problem. There's no doubt about it. And when they don't realize it, that's what's kind
of scary." 


amily: 'Times New Roman', serif">Trial Court No. 04M0567-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Michael Melvin Smith appeals his conviction for assault. Following a jury trial, the jury
found Smith guilty of assault causing bodily injury. The trial court assessed punishment at 365 days'
imprisonment, but suspended the sentence and placed Smith on community supervision for two
years. Smith's sole issue on appeal is that he received ineffective assistance of counsel. We affirm
the judgment of the trial court.
            Smith and Terri Queen, who was Smith's girlfriend at the time of the offense, had gotten into
an argument while eating at an Outback Steakhouse. Queen left the restaurant and went to the Elks
Lodge. While at the Lodge, Queen visited with R. C. McMillen, a friend of Smith. Smith testified
that he attempted to locate Queen because she had taken a laptop computer he needed for work. 
Smith noticed Queen's vehicle at the Lodge and attempted to enter, but could not gain admittance
because he was not a member. At the Lodge, both Queen and McMillen consumed alcohol. Because
Queen felt she should not drive, McMillen transported Queen to the residence of a friend, Jo Alice
Meunier, where she intended to spend the night. Shortly after Queen and McMillen arrived at
Meunier's residence, Smith knocked on the front door and was admitted. An altercation developed
between McMillen and Smith. The testimony conflicted concerning how the altercation developed. 
McMillen testified that Smith attacked him without provocation. Smith testified that McMillen
attacked him first, and he was afraid McMillen would continue to assault him. McMillen was treated
at the hospital for a "knocked out" tooth, head and facial lacerations, and other injuries.
            Smith contends he received ineffective assistance of counsel because his trial counsel
committed the following errors: 1) failing to file any motions for discovery, 2) allowing the
introduction of hearsay without objection or proper foundation, 3) offering an affidavit of
nonprosecution from a person other than the victim, 4) failing to discover, produce, and present
evidence on behalf of Smith, 5) failing to adequately prepare for trial, 6) failing to fully inform Smith
of his right to have the jury assess punishment, 7) allowing the State to refer to the altercation as an
"assault" without objection, 8) signing a certification of Smith's right of appeal, which incorrectly
specified that Smith did not have a right to appeal, and 9) requesting deferred adjudication after the
jury returned a verdict. 
            Both the Sixth Amendment and the Texas Constitution confer a right to effective
representation by counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. If counsel's
performance is ineffective, the conviction cannot stand. The Texas Court of Criminal Appeals has
held that the Texas Constitution does not impose a higher standard than the Sixth Amendment. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53,
56–57 (Tex. Crim. App. 1986). The Sixth Amendment standard, established by Strickland, requires
a defendant alleging ineffective assistance of counsel to show that his or her counsel's performance
at trial was deficient and that counsel's deficient performance prejudiced his or her defense. See
Strickland v. Washington, 466 U.S. 668 (1984); see also Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). An ineffective assistance of counsel claim cannot be based on a difference of
opinion concerning strategy. "[T]he defendant must prove, by a preponderance of the evidence, that
there is . . . no plausible professional reason for a specific act or omission." Bone, 77 S.W.3d at 836. 
            To satisfy the deficiency prong of the test, Smith must prove by a preponderance of the
evidence that his counsel's representation fell below the objective standard of professional norms.
Id. at 833. There is a strong presumption that counsel's performance was adequate. Id. The reason
for this presumption is that counsel at trial is better positioned to judge matters of strategy than an
appellate court reviewing a cold record. An appellate court should not "conclude the challenged
conduct constituted deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it." Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001);
see Goodspeed v. State, No. PD-1882-03, 2005 Tex. Crim. App. LEXIS 520, at *5 (Tex. Crim. App.
Apr. 6, 2005).
            "If counsel's reasons for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's
decisions and deny relief on an ineffective assistance claim on direct appeal." Ortiz v. State, 93
S.W.3d 79, 88–89 (Tex. Crim. App. 2002); see Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim.
App. 2003). This Court should not consider the wisdom of such a strategy, since ineffective
assistance of counsel claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. 
            Most of Smith's allegations could have been based on plausible trial strategies. Smith argues
that his trial counsel's performance was deficient for failing to file any motions for discovery and for
allowing the admission of hearsay. Defense counsel did not object to the admission into evidence
of medical records, dental records, and an estimate of damages. Smith contends these records lacked
the required business records affidavit and there was no showing that the medical expenses were
reasonable and necessary. In addition, Smith argues trial counsel erred in objecting to the State
asking Officer Randy McAdams if the victim was intoxicated. After the trial court overruled the
objection, McAdams testified that, in his opinion, McMillen and Queen were both intoxicated that
evening. Smith also alleges that his trial counsel should have moved for a motion for a directed
verdict after the State rested. Smith alleges that the fact his trial counsel introduced an affidavit for
nonprosecution from Queen indicates his trial counsel did not adequately prepare. Queen was not
the victim in the case. There is no explanation in the record for these actions, and there are plausible
trial strategies for all of these actions. Counsel may have concluded the medical records showed
McMillen had less severe injuries than he claimed. Likewise, counsel may have reasoned that
introduction of the nonprosecution affidavit gave some credence to Smith's version of the events. 
Since we have no information as to why these actions were taken and because there are plausible trial
strategies for these actions, defense counsel's conduct was not so outrageous that no competent trial
attorney would have engaged in it. These alleged errors do not show that trial counsel's performance
was deficient.


 
            Smith also alleges that his trial counsel was ineffective for failing to ask Smith, when he was
on the witness stand, whether he acted in self-defense and for failing to discover, produce, and
present evidence on behalf of Smith. Smith did present evidence that raised the issue of self-defense
at trial. Smith testified that McMillen attacked him first and that he was afraid McMillen would
continue to assault him. Smith also testified he did not feel he would be able to leave safely. The
jury was instructed concerning self-defense. We note that the failure to call witnesses may be
ineffective assistance of counsel. Butler v. State, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986) (failure
to present available alibi witnesses deemed ineffective assistance of counsel). However, such
witnesses must be shown to be available and to actually benefit the defense. Id.; Bates v. State, 88
S.W.3d 724, 728 (Tex. App.—Tyler 2002, pet. ref'd); Simms v. State, 848 S.W.2d 754, 758 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref'd). Smith has not shown that witnesses were available and
would have benefitted the defense.
            Smith complains that counsel failed to object to the State referring to the altercation as an
assault. It is undisputed that Smith and McMillen engaged in a fight. The issue before the jury was
which party instituted that fight. Counsel was not deficient in failing to object to the term "assault"
in these circumstances.
            Smith cites Gilbert v. State, No. 06-03-00258-CR, 2004 Tex. App. LEXIS 5055 (Tex.
App.—Texarkana June 9, 2004, pet. ref'd) (not designated for publication) for the proposition that
counsel must adequately prepare for trial. Gilbert is distinguishable from this case because, in that
case, the defendant's trial counsel prepared for the wrong offense and testified at the hearing on the
motion for new trial that he had not been aware of the possible alibi before the day of the hearing. 
Id. at *8. Smith argues that his counsel did nothing to prepare for trial, as evidenced by the failure
to file any motions for discovery. Ineffective assistance claims cannot be based on "retrospective
speculation"; they must be firmly rooted in the record. Bone, 77 S.W.3d at 835. The mere fact that
no discovery motions were filed does not indicate that no preparation was performed. The record
does not show that Smith's trial counsel was not prepared for trial. 
            Smith also alleges his trial counsel failed to fully inform Smith of his right to have the jury
assess punishment. Likewise, the record does not show that Smith's trial counsel failed to inform
his client of his right to have the jury assess punishment. Although Smith's trial counsel did request
a moment to speak with his client, the record does not indicate whether a consultation took place. 
Smith's counsel informed the trial court that, "I think he'd like to forego the jury punishment thing
and just let the Court determine the punishment." The record does not indicate that Smith's trial
counsel had not discussed the right to have the jury assess punishment with Smith. Smith's claims
that trial counsel did not adequately prepare for trial or fully inform Smith of his right to have the
jury assess punishment are not established in the record.
            Smith alleges his trial counsel was deficient for requesting deferred adjudication after the jury
had returned a verdict and for signing a certification of Smith's right to appeal, which stated Smith
did not have a right to appeal. After the jury returned the verdict, Smith's trial counsel requested
deferred adjudication. While Smith was not eligible for deferred adjudication because he had pled
not guilty and the jury had already reached a verdict,


 counsel's action in requesting more relief than
that to which Smith was entitled is not deficient performance. Defense counsel also signed a
certification of Smith's right of appeal, which stated that this was "a plea-bargain case, and the
defendant has NO right of appeal." While trial counsel did err in signing this form, the error was
corrected. On January 5, 2004, a supplemental record was filed containing a certification signed by
the trial court which indicated Smith did have a right to appeal. Smith's appellate rights have not
been compromised. 
            Smith alleges his trial counsel erred in allowing the trial court to enter judgment requiring
restitution, but not specifying the amount of the restitution. In addition, the judgment ordered
restitution to be paid to Meunier even though Smith was not charged for or convicted of criminal
mischief against Meunier in this case. It is true that the amount of the restitution payable to a
third-party victim should have been adjudicated by the court. Campbell v. State, 5 S.W.3d 693, 699
(Tex. Crim. App. 1999 ). However, nothing in the record shows that the amount of the restitution
was erroneous or that the result would have been different if it had been pronounced in open court. 
The constitutional right to counsel does not mean errorless counsel. Ex parte Kunkle, 852 S.W.2d
499, 505 (Tex. Crim. App. 1993); Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 
Ineffective assistance of counsel claims must be based on the totality of the circumstances. 
Strickland, 466 U.S. at 698; Welborn, 785 S.W.2d at 393. Under the totality of the circumstances,
we cannot conclude the record indicates that Smith's trial counsel's performance was deficient. 
Under the totality of the circumstances, Smith received effective assistance of counsel. 
            Further, Smith has failed to satisfy the second prong of Strickland. A defendant does not
meet his or her burden by merely showing that an error had some conceivable effect on the outcome
of the trial. Strickland, 466 U.S. at 693. The defendant must show a "reasonable probability" that,
but for the error, the result of the trial would have been different. Id. at 694. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." Thompson, 9
S.W.3d at 812. Smith has not demonstrated that the probability of a different result is sufficient to
undermine confidence in the outcome. 
            Because Smith has failed to show that his trial counsel rendered deficient performance and
has failed to show a reasonable probability of a different result, we affirm the judgment of the trial
court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          July 12, 2005
Date Decided:             August 3, 2005

Do Not Publish