

# NUMBER 13-12-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**YESENIA GONZALEZ,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Yesenia Gonzalez appeals her conviction of possession of more than two thousand pounds of marihuana, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(6) (West 2010). The trial court found appellant guilty and assessed punishment at eight years' confinement in the Texas Department of Criminal Justice, Institutional Division. By one issue, appellant argues that her plea of no contest was involuntary. We affirm.

# I. BACKGROUND[1]

Appellant and her husband were arrested after Cameron County sheriff's deputies found about 3,103 pounds of marihuana in a tractor trailer that appellant and her husband were driving. Appellant waived a jury trial and pleaded no contest. In her written plea, appellant affirmed the existence of a plea bargain, in which the State agreed to pursue a maximum sentence of eight years' imprisonment. At appellant's hearing, her attorney informed the trial court that she "wants to go with the negotiated plea."

The trial court admonished appellant of her rights and the implications of pleading no contest. The trial court asked appellant, "You understand that by pleading guilty [sic] and stipulating to the evidence in this case, that I would have sufficient evidence to find you guilty, and if I find you guilty, I can sentence you anywhere from five to ninety-nine years . . . ." Appellant affirmed that she understood.

The trial court continued: "Now, there is a recommendation being made by the [S]tate, and that is basically that I cap the punishment at eight years TDC, but that does not prohibit your attorney from asking for probation. Do you understand that?" Again, appellant affirmed that she did. Appellant also affirmed that she was satisfied with her counsel. Appellant's written plea reflected an understanding that the trial court could sentence her to a five-to-ninety-nine-year term of imprisonment.

Appellant's attorney asked the trial court to give appellant probation, but the trial court sentenced appellant to eight years' imprisonment. Appellant subsequently moved

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

for a new trial and to arrest the judgment, asserting that her plea was involuntarily given. After a hearing on the motion, the trial court denied the motion.

## II. VOLUNTARINESS OF A PLEA

By her sole issue, appellant contends that her no contest plea was not a voluntary plea. Specifically, appellant claims she only pleaded no contest because her attorney assured her that she would receive probation if she did.

### A. Standard of Review

We review a claim that a plea was involuntary due to ineffective assistance of counsel under the *Strickland v. Washington* two-prong test. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Ex parte Adams*, 707 S.W.2d 646, 649 (Tex. Crim. App. 1986) (en banc). Under that test, to prevail on an ineffective-assistance claim, the appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). The *Strickland* review of counsel's representation is highly deferential, and a defendant must rebut the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851. The record must contain evidence of counsel's reasoning, or lack thereof, to rebut the presumption. *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd).

Where, as here, an appellant first argues ineffective assistance of counsel claims in a motion for new trial, we review the two *Strickland* prongs through an abuse of

3

discretion standard of review, reversing only if the trial court's decision on the issue was arbitrary or unreasonable.[2]  *See Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. denied); *see also Garcia v. State*, No. 13-10-00580-CR, 2013 WL 656831, at *3 (Tex. App.—Corpus Christi Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication).

## B.    Discussion

Generally, a plea is considered voluntary if the defendant was made fully aware of the direct consequences of the plea.  *See State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (en banc) (citing *Bradley v. United States*, 372 U.S. 742 (1970)); *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.—Corpus Christi 2004, no pet.).  Here, the trial court gave appellant the statutory admonishments regarding the consequences of her no contest plea.  *See* TEX. CRIM. PROC. CODE ANN. art. 26.13 (West Supp. 2011) (outlining admonishments).  Appellant affirmed that she understood the implications and potential sentence corresponding to her no contest plea, both in open court and by signing the trial court's written admonishments.  She further affirmed that she understood the State's recommendation of eight years' imprisonment, which became the sentence she received. Appellant thus bears a heavy burden to overcome the presumption that her plea was voluntarily and knowingly given.  *See Pena*, 132 S.W.3d at 665–66.

---

[2]  Appellant's motion for new trial stated in relevant part:

> The Affidavit of [appellant] shows that her plea of 'No Contest' was not voluntary and was made with the understanding that she would receive probation.  While admittedly the Court admonished Defendant concerning her plea, the other Affidavits submitted support Defendant's assertion that she was told by her attorney that she would receive probation.

> Furthermore, the Affidavits raise questions concerning whether Defendant was properly counseled concerning her plea.

A defendant's claim that she was misinformed by counsel, without more, is insufficient to render a plea involuntary. *See Tabora v. State,* 14 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Fimberg v. State,* 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Although appellant included her present complaint in her motion for new trial, there is no record on appeal of any hearing thereon. Our review of the record reveals no constitutionally deficient conduct.

We assume trial counsel's conduct constituted sound trial strategy in the absence of record evidence manifesting counsel's reasoning, or lack thereof. *Lopez*, 343 S.W.3d at 143; *see Moreno*, 1 S.W.3d at 865. Accordingly, we cannot conclude that the trial court's denial was arbitrary or unreasonable. *See Cueva v. State*, 339 S.W.3d at 857; *see also Bates v. State*, 88 S.W.3d 724, 729 (Tex. App.—Tyler 2002, pet. ref'd) (holding appellant failed the two *Strickland* prongs where appellant did not present a record from the hearing on motion for new trial); *Clark v. State*, 952 S.W.2d 882, 890 (Tex. App.—Beaumont 1997, no pet.) (same).

We overrule appellant's issue on appeal.

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2013.