

IN THE
TENTH COURT OF APPEALS

No. 10-13-00164-CR

KERRY REMBERT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-1331-C2

MEMORANDUM OPINION

The jury convicted Kerry Rembert of the offense of possession of a controlled

substance, found the enhancement paragraphs to be true, and assessed punishment at

75 years confinement. We affirm.

**Background Facts**

Waco police officers went to a residence known for the sale of illegal narcotics.

Police officers knocked on the back door of the residence, and someone opened the

door. Officer Michael McKinney testified that he could see Rembert and the owner of

the residence sitting at the kitchen table. Officer McKinney stated that he saw money and marijuana on the table so the officers entered the residence. Officer McKinney asked Rembert for his identification, and he testified that he saw Rembert drop a plastic bag containing a white rocky substance that was later determined to be cocaine. Rembert was placed under arrest, and he made a call to his girlfriend from the back of the patrol car. Officer Robert Bruce testified that during the call, Rembert's girlfriend asked, "what did they get you for" and Rembert responded, "[f]or the stuff I had." The girlfriend then asked, "[h]ow much you got" and Rembert responded "[a]bout 10 rocks."

### Ineffective Assistance of Counsel

In the first and third issues, Rembert complains that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of

reasonableness under the prevailing professional norms. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id*.

The Texas Court of Criminal Appeals has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Lopez v. State*, 343 S.W.2d at 143. On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Id*.

In the first issue, Rembert complains that his trial counsel was ineffective in failing to object to the admission of extraneous offense evidence or request a limiting instruction. Rembert contends that his trial counsel should have objected to the testimony by the police officers that there was marijuana on the table where he was seated. Trial counsel did not object to the testimony, nor did she request a limiting instruction advising the jury that they could not consider the testimony to determine Rembert's character in conformity with the charged crime.

The Texas Rules of Evidence provide that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same criminal transaction.

Same transaction contextual evidence is admissible where "the facts and circumstances of the instant offense would make little or no sense without" it. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). A "jury is entitled to know all the relevant surrounding facts and circumstances of the charged offense." *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986). No limiting instruction is required for same

transaction contextual evidence. *See Camacho v. State*, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993).

The officers testified that the marijuana was in plain view on the table when the door to the residence was opened. Officer McKinney testified that seeing the marijuana in plain view gave the officers reason to go inside. We find that the evidence of the marijuana was same transaction contextual evidence, and trial counsel was not ineffective in failing to object to the testimony or request a limiting instruction. We overrule the first issue.

In the third issue, Rembert complains that his trial counsel was ineffective in failing to timely request independent testing of the weight of the cocaine. Trial counsel filed a motion for independent quantitative weight analysis after the pre-trial hearing had occurred. The trial court denied the motion as untimely filed. Rembert argues that his punishment would have been greatly reduced if the independent testing showed he possessed a smaller amount of cocaine.

Rembert does not show a reasonable probability that, had counsel requested **independent testing**, the result of the trial would have been different. *See Bates v. State*, 88 S.W.3d 724, 729 (Tex. App.-Tyler 2002, pet. ref'd). Rembert does not suggest a reasonable probability that the results of **independent testing** would have been different from that by the Texas Department of Public Safety. There is nothing in the record to suggest there was an error in weighing the cocaine or that anyone tampered with the evidence. We overrule the third issue.

## Jury Charge

In the second issue, Rembert complains that the trial court erred in failing to include a limiting instruction in the jury charge. Rembert contends that the jury should have been instructed not to consider evidence that he possessed marijuana to prove his character in conformity with the crime for which he was not on trial. As previously discussed in issue one, the evidence of the marijuana was same transaction contextual evidence. No limiting instruction is required for same transaction contextual evidence. *See Camacho v. State*, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993). The trial court did not err in failing to include the instruction. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 13, 2014
Do not publish
[CRPM]