**Norman Edward SIMMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00584–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 21, 1993.

Publication Ordered Feb. 18, 1993.

Discretionary Review Refused
May 5, 1993.

Tony Aninao, Houston, for appellant.

John B. Holmes, Dist. Atty., Kimberly Aperauch Stelter, Asst., Houston, for appellee.

Before MIRABAL, COHEN and PRICE[1], JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Norman Edward Simms, guilty of possession of a controlled substance. The trial judge found two enhancement paragraphs to be true and sentenced appellant to 30–years confinement. We affirm.

The evidence shows that on January 11, 1991, Officer Bledsoe and Officer Francois, both with the Houston Police Department Northeast Tactical Response Team, were working undercover investigating drug sales. The officers were driving down Linder Street when a man flagged the officers down and said "hey, I got it right here." Francois exited the car and asked the man for a $20 rock of crack cocaine. The man lead Francois to a house where numerous people were smoking crack cocaine. Francois purchased a rock, returned to the car, and the officers drove off. Francois radi-

oed an arrest team, hiding in a nearby van, and described the seller.

The arresting officers immediately drove to the scene and jumped out of the van to "secure the scene." Officer Weston noticed appellant standing by the house, approximately 10 feet away. Weston saw appellant drop a clear plastic bag to the ground. Weston approached appellant and picked up the bag, which contained two rock substances. Weston believed the substance was cocaine, and he therefore arrested appellant. Laboratory tests indicated that the bag contained 98.6 milligrams of 78.5% pure cocaine.

In his first point of error, appellant asserts that the trial court committed reversible error in the punishment phase by failing to arraign him in open court and have him enter a plea to the two enhancement paragraphs.

Appellant argues that according to TEX. CODE CRIM.P.ANN. arts. 36.01 (Vernon 1981) and art. 37.07 (Vernon Supp.1993), the enhancement paragraphs of the indictment should have been read and the court should have received his plea before the evidence was received at the punishment phase. Appellant asserts that the trial court's failure to follow these articles constitutes reversible error and requires remand for a new punishment hearing.

Articles 36.01 and 37.07 do not require the reading of the enhancement portion of an indictment to the defendant and receiving his plea in the penalty stage of a bifurcated trial before the court alone. *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim.App.1973); *Nolan v. State*, 624 S.W.2d 721, 724 (Tex.Civ.App.—Amarillo 1981, no pet.). Appellant had the trial judge assess punishment; therefore, it was not necessary for the State to read the enhancement paragraphs, and appellant did not have to plead to them.

We overrule appellant's first point of error.

In his second point of error, appellant asserts that the failure of the trial court to announce in open court its verdict, and its finding that the two enhancement paragraphs were true, constituted a finding that the evidence was insufficient as a matter of law to support the conclusion that the enhancement allegations were true. Appellant also asserts that the evidence actually is insufficient to support a finding that appellant is a habitual offender.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991); *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984).

■ At the punishment phase of the trial, the State introduced exhibits three through eight, pen packets containing judgments and sentences for the offenses described in the two enhancement paragraphs. Also included in the pen packets were front and side view photographs of appellant. This information was sufficient for the fact finder to find that appellant was convicted for the two previous offenses. *Littles v. State*, 726 S.W.2d 26, 32 (Tex.Crim.App.1987). There is sufficient evidence to prove that the two enhancement paragraphs are true.

■ Appellant argues that the trial court erred by not announcing its finding in open court of "true" to the enhancement paragraphs; however, appellant does not cite any authority in support of his position. The judgment states that the trial court found both enhancement paragraphs true. Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984).

We overrule appellant's second point of error.

In his third point of error, appellant asserts that he received ineffective assistance of counsel.

■ The *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test is the proper standard to gauge the effectiveness of counsel at the guilt-innocence phase of a non-capital trial and at the guilt-innocence and punishment phases of a capital murder trial. *Craig v. State*, 825 S.W.2d 128, 129 (Tex.Crim.App. 1992) (citing *Boyd v. State*, 811 S.W.2d 105, 109 (Tex.Crim.App.1991)). *Strickland* requires a two part analysis: (1) whether the attorney's performance failed to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms; and (2) if so, whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Craig*, 825 S.W.2d at 129.

The Supreme Court in *Strickland* stated: [W]e believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case.... The result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.... The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.... In every case the court should be concerned with whether ... the result of the particular proceed-

ing is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results. 466 U.S. at 693–96, 104 S.Ct. at 2068–69.

Appellant contends that his trial counsel failed to make any challenges for cause at all to venirepersons number seven, 23, 24, and 27 who expressed bias and prejudice against him. Additionally, appellant argues his counsel used peremptory challenges instead of challenges for cause to strike jurors number 24 and 27.

Appellant asserts that trial counsel failed to use a challenge for cause or a peremptory challenge against venirepersons number seven and 23, causing two venirepersons who expressed the inability to be fair and impartial to be on the jury.

Appellant complains that venireperson number 23 stated that she "would be prejudiced" and "did not know if she could be fair." However, from reading the record it is apparent that venireperson number 23 did not make these statements, rather number 11 did. In the middle of questioning venireperson number 11, the record reference changes from venireperson number 11 to venireperson number 23, although it is apparent venireperson number 11 is still talking. The State filed a motion to correct the record, and this Court granted it. The motion contained the court reporter's affidavit stating that venireperson number 11, not venireperson number 23, made the statements that appellant complained were prejudicial. Venireperson number 11 did not sit on the jury.

■ Appellant contends that venireperson number seven stated that he had a family member involved with crack cocaine and could not be fair and impartial. However, a few questions later venireperson seven said he could be fair and put his experiences aside. Thus, counsel probably could not have successfully challenged venireperson number seven for cause, and might have found him to be a favorable juror due to his personal experiences. *See* *Delrio v. State,* 840 S.W.2d 443, 444 (Tex. Crim.App.1992).

Appellant has not shown that biased and prejudiced persons served on his jury.

Further, appellant's contention that his trial counsel failed to properly utilize his challenges for cause and peremptory challenges is not supported by the record.

■ Appellant next asserts that his trial counsel failed to object to irrelevant, inadmissible evidence regarding arrests of other persons at the scene, all of which involved drugs.

Trial counsel's failure to object to testimony concerning the context of appellant's criminal act, which did not include any extraneous offenses committed by appellant, did not constitute error in this case. *See* *Esteves v. State,* 845 S.W.2d 291, 295 (Tex. App.–Houston [1st Dist.] 1992).

Appellant next contends trial counsel rendered ineffective assistance by failing to conduct vigorous and extensive cross-examination of Officers Bledsoe, Weston, and McWilliams.

■ Matters of trial strategy will be reviewed only if an attorney's actions are without any plausible basis. *Shepard v. State,* 673 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Appellant does not contend that the method of cross-examination was without any plausible basis. Additionally, appellant does not discuss how the cross-examination was inefficient, nor does he suggest any questions that counsel should have asked. *See* *Miniel v. State,* 831 S.W.2d 310, 323–24 (Tex.Crim.App.1992).

■ Appellant next argues that trial counsel gave an ineffective closing argument, because he confused the jury with the wrong standard of proof. Counsel stated:

Mr. Simms pled not guilty to this matter. And we would urge that if you would find from a preponderance of the evidence—I'm sorry, find that there is a reasonable doubt that Mr. Simms was actually involved in this, that you come with a verdict of acquittal.

Although trial counsel at first misstated the law, he immediately corrected himself. This error did not make his closing argument ineffective.

Appellant next argues that trial counsel failed to call any defense witnesses from the scene, including appellant, to testify and contest the version of events testified to by the police officers.

Absent a showing that potential defense witnesses were available, and that their testimony would have benefitted the defense, counsel's failure to call witnesses is of no moment. *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Appellant failed to show that any defense witnesses were available, besides himself. Further, appellant failed to show that his testimony would have benefitted him.

Appellant next contends that his trial counsel erred in failing to object during the guilt-innocence phase of the trial. Appellant, however, does not offer any objections that counsel should have made.

In all of the above allegations, appellant did not carry his burden of proof, under the first prong of the *Strickland* test, to show that his trial counsel's performance failed to constitute "reasonably effective assistance."

Next, appellant complains about his trial counsel's performance during the punishment phase. The standard for evaluating a claim of ineffective assistance of counsel at the punishment phase of a noncapital offense is the test in *Ex parte Duffy*, 607 S.W.2d 507, 516 n. 17 (Tex.Crim. App.1980), rather than *Strickland*. *Craig*, 825 S.W.2d at 130. The test is, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. *Id.* The "reasonably effective assistance" standard does not mean errorless counsel or counsel whose competency is judged by hindsight. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991); *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Rather, the right to effective assistance of counsel means counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Felton*, 815 S.W.2d at 735. While this Court normally looks to the "totality of the representation" and the "particular circumstances of each case" in evaluating the effectiveness of counsel, under certain circumstances a single error of omission by counsel can constitute ineffective assistance. *Id.*

Appellant contends that his trial counsel erred in failing to object during the punishment phase of the trial. Again, appellant does not offer any objections that counsel should have made. Arguably, trial counsel should have objected that the enhancement paragraphs were not read and appellant did not plead to them before the evidence was introduced. However, as discussed above, these steps are not necessary when the punishment is assessed by the trial judge.

Judging from the totality of the circumstances, we conclude trial counsel reasonably rendered effective assistance at the punishment phase.

We overrule appellant's third point of error.

We affirm the judgment.

