**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00576-CR

---

### KENNETH RAY THOMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1307268**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Kenneth Ray Thomas of burglary of a habitation,[1] and the trial court assessed his punishment at 45 years' imprisonment. Appellant challenges his conviction and sentence on grounds that the trial court (1) erred by sustaining the State's objections during his cross-examination of complainant; and (2) impermissibly used appellant's prior convictions to enhance the term of his

---

[1] *See* Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2011).

sentence.  We affirm.

## Background

Complainant James Harris testified at trial that he arrived home on May 21, 2011, opened the door, and turned on the porch light.  He heard noises from within the house; alarmed, he ran back outside.  He then saw appellant run out the front door, stumble and fall, and run down the street.  When appellant fell, his face was illuminated by the street lights, and complainant was able to get a good look at him.

Complainant pursued appellant while on the phone with a 911 operator.  In a call to the 911 operator, complainant described appellant as wearing a black t-shirt.  When appellant turned the corner, complainant lost sight of him for ten to fifteen seconds; when complainant rounded the corner, he saw appellant walking on the other side of the street.  Complainant testified that appellant appeared "de-winded."  Complainant then flagged down an arriving patrol car.  When the police apprehended appellant, he was wearing a black shirt, and he stated at that time that he did not break into complainant's house.  Appellant did not have any of complainant's property in his possession, nor was any stolen property found along the route appellant took from the premises.

A jury found appellant guilty of burglary of a habitation that occurred on June 15, 2012.  After the punishment phase of trial, the trial court found that appellant was a "multiple offender" based on the evidence of appellant's two prior felony convictions, and assessed appellant's punishment at 45 years' confinement.  Appellant did not file a motion for new trial; he filed a timely notice of appeal.

## Analysis

### I.  Confrontation Argument

In his first issue, appellant argues that he was not allowed to "confront and cross[-]exam[ine] the complainant about complainant's ability to describe appellant's physical description" in violation of the Sixth Amendment to the United States Constitution[2] and in violation of Article 1, Section 10 of the Texas Constitution.[3]  Appellant contends that the trial court reversibly erred by sustaining the State's objections during his cross-examination of complainant.[4]

Criminal defendants have a constitutionally protected right to cross-examine witnesses.  U.S. Const. amend. VI; *Linney v. State*, 401 S.W.3d 764, 772 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986)).  "The scope of appropriate cross-examination is necessarily broad: 'A witness may be cross-examined on any matter relevant to any issue in

---

[2] *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .").  The Sixth Amendment's right of confrontation is a fundamental right and is applicable to the States by virtue of the Fourteenth Amendment.  *Pointer v. Texas*, 380 U.S. 400, 403 (1965).

[3] *See* Tex. Const. art. I, § 10 ("In all criminal prosecutions the accused shall have . . . the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor . . . .").

[4] Because appellant has neither argued nor cited any authority that establishes that Article I, Section 10 of the Texas Constitution secures him rights in addition to those in the Sixth Amendment to the United States Constitution, we address his arguments in the context of the Sixth Amendment.  *See Long v. State*, 742 S.W.2d 302, 313 (Tex. Crim. App. 1987) (en banc) ("[T]he interpretation given to Art. I, § 10 of the Texas Constitution closely parallels the evolution of the Sixth Amendment as interpreted by the United States Supreme Court.  The reason that the guarantees are so identifiable goes beyond the similar language, that is, the source of the right of confrontation is the same: English common law."), *overruled on other grounds by Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990) (en banc); *see also Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993) ("Appellant fails to analyze, argue or provide authority to establish that his protection under the Texas Constitution exceeds or differs from that provided to him by the Federal Constitution.  We therefore do not address appellant's state constitutional argument.").

the case, including credibility.'" *Linney*, 401 S.W.3d at 772 (quoting Tex. R. Evid. 611(b)). Trial courts nonetheless retain wide latitude to impose reasonable limits on cross-examination. *Id.* (citing *Van Arsdall*, 475 U.S. at 679). A trial court must carefully consider the probative value of the evidence and weigh it against the risks of admission. *Id.* (citing *Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982)). Potential risks include "'the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time.'" *Id.* (quoting *Hodge*, 631 S.W.2d at 758).

The exclusion of a defendant's evidence is constitutional error only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense. *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). The Constitution does not relieve a defendant from the obligation to comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Linney*, 401 S.W.3d at 772 (citing *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)).

Appellant's first issue centers on a ruling during appellant's cross-examination of complainant for the purpose of determining if complainant had credibly identified appellant as his assailant. During the cross-examination, appellant asked complainant the following:

> DEFENSE COUNSEL: Now, I noticed that when you called 911 you did not give any description of the person in several respects. Number one, you didn't say: I think this guy is X years old. How old do you think the guy was that you were chasing?
>
> STATE: I object to speculation, Judge.
>
> THE COURT: Sustained.

4

DEFENSE COUNSEL: How old did he appear to you?

STATE: Same objection, Judge.

THE COURT: Sustained.

DEFENSE COUNSEL: Did he appear to be older than you or younger than you?

STATE: Same objection, Judge.

THE COURT: Overruled.

DEFENSE COUNSEL: You may answer.

[COMPLAINANT]: Older.

DEFENSE COUNSEL: Okay. And did you — were you able to approximate his height, his weight, or anything like that?

[COMPLAINANT]: No, not really.

DEFENSE COUNSEL: Did you form an opinion as to how old he appeared to you?

[COMPLAINANT]: No, I did not.

STATE: Same objection, Judge.

DEFENSE COUNSEL: Judge, it's state of mind.

THE COURT: Sustained.

To preserve error, including a constitutional error, for appellate review, the appellant must make a timely, specific objection to the trial court and obtain a ruling on the objection. *Linney*, 401 S.W.3d at 772-73; *see* Tex. R. App. P. 33.1. On appeal, the point of error must correspond to the objection made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Linney*, 401 S.W.3d at 773.

Here, the State objected to appellant's cross-examination arguing that appellant's questions called for speculation. Appellant responded that complainant's testimony was admissible to show complainant's state of mind. Appellant did not argue that the trial court's ruling violated his right to confront and cross-examine a witness. Appellant's argument in the trial court was

5

insufficient to preserve a constitutional error. The right to elicit testimony during cross-examination to show a witness's state of mind is distinct from the constitutional right to confront and cross-examine a witness. *See Linney*, 401 S.W.3d at 773.

We overrule appellant's first issue.

## II. Improper Sentence Argument

In his second issue, appellant argues that his sentence of 45 years' imprisonment is improper and violates his due process rights because the trial court erroneously failed to (1) arraign him on his previous convictions; and (2) find his prior convictions to be true on the record. According to appellant, the trial court should not have imposed a sentence as a "habitual offender" without arraigning him on his prior convictions and finding them to be true.

When the penalty stage of a bifurcated trial is held before the court alone, there is no requirement that the court read the enhancement portions of the indictment and receive a defendant's plea, "though such is the better and accepted practice." *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *see also Davis v. State*, 970 S.W.2d 747, 749-50 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Simms v. State*, 848 S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). Because appellant filed an election to have his punishment assessed by the trial court, it was not necessary for the court to read the enhancement paragraphs in open court and for the court at that time to receive appellant's plea.

Further, "[r]ecitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary." *Simms*, 848 S.W.2d at 756 (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim.

App. 1984)). Here, the judgment reflects that appellant pleaded "true" to each enhancement paragraph and that the trial court found both enhancement paragraphs in the indictment to be true. There also was no dispute in the trial court about the evidence presented for each enhancement. Instead of an "affirmative showing" contrary to a presumption of regularity, the record establishes that appellant responded "no objection" when the State offered evidence of his prior convictions and read into the record appellant's stipulation to the truth of the evidence proving each relevant prior conviction. Accordingly, we conclude that the trial court committed no error. *See Davis*, 970 S.W.2d at 749 (citing *Reed*, 500 S.W.2d at 499); *Simms*, 848 S.W.2d at 756.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.


/s/    William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).

7