ACCEPTED
06-14-00236-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 9:01:59 AM
DEBBIE AUTREY
CLERK

06-14-00236-CR

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 9:01:59 AM
DEBBIE AUTREY
Clerk

PAUL ANTWANN HARLAN,
Appellant

v.

THE STATE OF TEXAS,
Appellee

On Appeal from Criminal District Court No. 4
of Dallas County, Texas
Cause No. F13-56882-K
The Honorable Dominique Collins, Judge Presiding

BRIEF FOR APPELLEE,
THE STATE OF TEXAS

Counsel of Record:

**Susan Hawk**
Criminal District Attorney
Dallas County, Texas

**G. Brian Garrison**
State Bar No. 24065276
Assistant District Attorney
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207-4399
(214) 653-3600 (telephone)
(214) 653-3643 (fax)
Brian.Garrison@dallascounty.org

The State requests oral argument
only if Appellant requests
oral argument

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellant** | **Paul Antwann Harlan** |
| **Appellant's Counsel at Trial** | **Brenda Vonjoe**<br>4144 N. Central Exwy., Ste. 650<br>Dallas, TX 75204<br><br>**Nicole Hines-Glover**<br>3838 Oak Lawn Ave., Ste. 1000<br>Dallas, TX 75219 |
| **Appellant's Counsel on Appeal** | **Julie Woods**<br>Assistant Public Defender<br>Dallas County Public Defender's Office<br>133 N. Riverfront Blvd., LB 2<br>Dallas, TX 75207 |
| **State's Counsel at Trial** | **Hillary Wright**<br>**Chris Johnson**<br>Assistant District Attorneys<br>Dallas County District Attorney's Office<br>133 N. Riverfront Blvd., LB 19<br>Dallas, TX 75207-4399 |
| **State's Counsel on Appeal** | **G. Brian Garrison**<br>Assistant District Attorney<br>Dallas County District Attorney's Office<br>133 N. Riverfront Blvd., LB 19<br>Dallas, TX 75207-4399 |

i

# TABLE OF CONTENTS

Identity of Parties and Counsel................................................................................i

Index of Authorities ....................................................................................... iii

Statement of the Case...................................................................................... 1

Issues Presented ............................................................................................. 2

Statement of Facts .......................................................................................... 2

Summary of the Argument .............................................................................. 5

Argument........................................................................................................ 7

    1. The State's response to Appellant's first point of error: The State proved the element of identity beyond a reasonable doubt................................................................. 7

        1.1.    Standard of Review................................................................... 7

        1.2.    The recovery of Appellant's wallet from the getaway car, the DNA evidence, and the surveillance footage were sufficient to establish that Appellant committed the offense ....................................................................................... 8

    2. The State's response to Appellant's second point of error: The trial court did not err in admitting the testimony of Det. Loeb ................................................. 10

        2.1.    Standard of Review................................................................ 10

        2.2.    The testimony was not speculative but illustrated the course of Det.'s Loeb's investigation ..................................................................................... 11

    3. The State's response to Appellant's third point of error: Appellant has failed to establish that the judgment erroneously states that the jury found the enhancement allegation true; the sentence assessed was authorized by law ................................. 14

    4. The State's response to Appellant's fourth point of error: This Court should reform the judgment to reflect the correct offense ......................................................... 15

Prayer............................................................................................................ 16

Certificate of Service..................................................................................... 17

Certificate of Compliance .............................................................................. 17

# INDEX OF AUTHORITIES

**Cases**

*Allen v. State*, 249 S.W.3d 680 (Tex. App. – Austin 2008, no pet.)...................................8

*Alvarenga v. State*, No. 05-12-00176-CR, 2013 Tex. App. LEXIS 7568 (Tex. App. – Dallas Jun. 20, 2013, pet. ref'd) (not designated for publication) ...................................................................................................................10

*Bell v. State*, 326 S.W.3d 716 (Tex. App. – Dallas 2010, pet. dism'd)...............................7

*Bigley v. State*, 865 S.W.2d 26 (Tex. Crim. App. 1993)....................................................15

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.)...........................7

*Brown v. State*, 270 S.W.3d 564 (Tex. Crim. App. 2008)....................................................7

*Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999) .................................................7

*Earls v. State*, 707 S.W.2d 82 (Tex. Crim. App. 1986)........................................................8

*Hurd v. State*, No. 01-93-01004-CR, 1994 Tex. App. LEXIS 1484 (Tex. App. – Houston [1st Dist.] Jun. 23, 1994, no pet.) (not designated for publication)............................15

*Jackson v. Virginia*, 443 U.S. 307 (1979) ..........................................................................7

*Johnson v. State*, 673 S.W.2d 190 (Tex. Crim. App. 1984) .................................................8

*Jones v. State*, 900 S.W.2d 392 (Tex. App. – San Antonio 1995, pet. ref'd) ...................................................................................................................9

*Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998)...................................................11

*Lowery v. State*, No. 05-08-00899-CR, 2010 Tex. App. LEXIS 1230 (Tex. App. – Dallas Feb. 23, 2010, pet. ref'd) (not designated for publication) ...................................................................................................................13

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) ....................................................8

*Martin v. State*, 173 S.W.3d 463 (Tex. Crim. App. 2005) ................................................11

*Monroe v. State*, 864 S.W.2d 140 (Tex. App. – Texarkana 1993, pet. ref'd) ...................................................................................................................10

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991).................................10, 11

*Roberson v. State*, 16 S.W.3d 156 (Tex. App. – Austin 2000, pet. ref'd) .................................................................................................................... 8, 9

*Rodriguez v. State*, No. 11-05-00218-CR, 2007 Tex. App. LEXIS 2251 (Tex. App. – Eastland Mar. 22, 2007, no pet.) (not designated for publication) ................................................................................................................................ 9

*Salazar v. State*, No. 01-13-00209-CR, 2014 Tex. App. LEXIS 3983 (Tex. App. – Houston [1st Dist.] Apr. 10, 2014, no pet.) (not designated for publication) .............. 12

*Simms v. State*, 848 S.W.2d 754 (Tex. App. – Houston [1st Dist.] 1993, pet. ref'd) ........ 15

*United States v. Quimby*, 636 F.2d 86 (5th Cir. 1981) ....................................................... 9

**Statutes**

Tex. Penal Code. Ann. § 12.32(a) (West 2011) ................................................................. 15

Tex. Penal Code. Ann. § 29.03 (West 2011) .................................................................... 15

**Rules**

Tex. R. App. P. 43.2(b) ..................................................................................................... 15

Tex. R. Evid. 602 ............................................................................................................. 11

Tex. R. Evid. 701 ............................................................................................................. 13

Tex. R. Evid. 702 ............................................................................................................. 13

Tex. R. Evid. 704 ............................................................................................................. 12

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas respectfully submits the instant brief in response to the brief of Paul Antwann Harlan ("Appellant"), on behalf of Susan Hawk, the Criminal District Attorney of Dallas County, Texas.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of aggravated robbery.[1] The indictment contained a felony enhancement paragraph.[2] Appellant entered a plea of not guilty.[3] The jury found Appellant guilty as charged and sentenced Appellant to incarceration for a period of fifty years.[4] Appellant filed a motion for new trial, which was overruled by the trial court.[5] Appellant timely filed his notice of appeal.[6]

---

[1] C.R. at 10.
[2] C.R. at 10.
[3] III R.R. at 8; IV R.R. at 13.
[4] C.R. at 82.
[5] C.R. at 86.
[6] C.R. at 88.

1

## ISSUES PRESENTED

1.   Whether the State proved the element of identity beyond a reasonable doubt.

2.   Whether the trial court erred in admitting the testimony of Detective Jeff Loeb.

3.   Whether the sentence assessed was unauthorized by law.

4.   This Court should reform the judgment to state the correct offense.

## STATEMENT OF FACTS

Anwarul Hoque and Maria Ochoa worked at Hilda's Grocery on the date of the offense.[7] Ms. Ochoa and Mr. Hoque testified that two masked men entered the store with a firearm.[8] The men ordered Ms. Ochoa and Mr. Hoque to the floor.[9] Both Mr. Hoque and Ms. Ochoa testified that they feared for their lives.[10] The men took the money from the register as well as Mr. Hoque's wallet.[11] While the robbery was in progress, an armed security guard arrived and detained one of the assailants.[12] The other assailant escaped

---

[7] IV R.R. at 17-19, 44.
[8] IV R.R. at 24, 45.
[9] IV R.R. at 24, 45.
[10] IV R.R. at 36, 49.
[11] IV R.R. at 26, 28.
[12] IV R.R. at 38.

2

in a car, which he crashed into a tree on a nearby residential street.[13] The tree was near Juan Pina's mother's house.[14]

Juan Pina testified that, as he was walking towards his mother's front door, he heard a sound on the side of the house.[15] When he went to investigate, a man with a backpack approached him.[16] The assailant pointed a handgun at Mr. Pina and demanded his car keys.[17] The assailant was unable to start Mr. Pina's car, a Honda, due to a safety feature.[18] The assailant exited the vehicle and fled on foot.[19] Mr. Pina testified that the assailant left behind money, papers, and a box of cigars.[20] Detective Joshua Cordes testified that he followed the trail of discarded property and found a firearm and clothing.[21]

Officer Richard Dellatorre responded to the robbery at Hilda's Grocery.[22] Officer Dellatorre testified that individual who had been apprehended by the security guards was Latiki Bosman.[23] Keonte Bosman was developed as

---

[13] IV R.R. at 38. 84.
[14] IV R.R. at 38. 84.
[15] IV R.R. at 67.
[16] IV R.R. at 67.
[17] IV R.R. at 69-70.
[18] IV R.R. at 70.
[19] IV R.R. at 71.
[20] IV R.R. at 72.
[21] IV R.R. at 95-96.
[22] IV R.R. at 53.
[23] IV R.R. at 53, 59.

a potential suspect in the robbery.[24] Det. Loeb reviewed the surveillance videos and determined that the unapprehend suspect was shorter than both Latiki Bosman and Keonte Bosman.[25] Detective Jeff Loeb ruled out Keonte Bosman as the individual who had escaped.[26] Det. Loeb testified that the unapprehended assailant was roughly the same height as Appellant.[27] Det. Loeb testified that that the shorter robber was the individual wielding the firearm.[28]

Law enforcement impounded and searched the vehicle that had been crashed next to Mr. Pina's mother's house.[29] Det. Loeb testified that he found wallets belonging to Latiki Bosman and Appellant in the trunk of the car.[30] Det. Loeb determined that the vehicle recovered in the robbery belonged to Latiki Bosman.[31] Det. Loeb obtained a DNA sample from Appellant.[32] Forensic testing established that Appellant was a possible contributor to the DNA on the firearm.[33] Keonte Bosman, Latiki Bosman, and a third unknown male

---

[24] IV R.R. at 120-25.
[25] IV R.R. at 140-41, 168-69.
[26] IV R.R. at 138.
[27] IV R.R. at 140-41, 168-69.
[28] IV R.R. at 151-52.
[29] IV R.R. at 138.
[30] IV R.R. at 138.
[31] IV R.R. at 139.
[32] IV R.R. at 149.
[33] IV R.R. at 143; V R.R. at 12, 24, 30-31.

were excluded as contributors to the DNA on the firearm.[34] Det. Loeb testified that Appellant was his primary suspect, based on the wallet, the DNA evidence, and the surveillance video.[35]

## SUMMARY OF THE ARGUMENT

With respect to Appellant's first point of error, the State proved the element of identity beyond a reasonable doubt. The discovery of Appellant's wallet in the getaway car, the DNA evidence, and the video surveillance evidence was sufficient for a jury to rationally conclude that Appellant had committed the offense.

With respect to Appellant's second point of error, the trial court did not err in overruling Appellant's objection to Det. Loeb's testimony. Det. Loeb's testimony was not mere speculation. It was based on his training and experience and his investigation of the offense.

With respect to Appellant's third point of error, Appellant has failed to establish that the sentence assessed was unauthorized by law. Appellant entered a plea of true to the enhancement allegation, and Appellant has provided

---

[34] IV R.R. at 143; V R.R. at 12, 24, 30-31.
[35] V R.R. at 50.

5

no evidence that the jury did not find the allegation true. Additionally, the sentence assessed with within the statutory range for the unenhanced offense.

With respect to Appellant's fourth point of error, the State agrees that the judgment should be reformed to reflect the correct offense.

## <u>ARGUMENT</u>

## 1. The State's response to Appellant's first point of error: The State proved the element of identity beyond a reasonable doubt

### 1.1. Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, an appellate court views all of the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[36] This standard, which is the sole standard for reviewing the sufficiency of the evidence in Texas criminal cases, gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[37]

The trier of fact is the exclusive judge of the weight and credibility of the evidence.[38] As such, the reviewing court may not re-evaluate the weight and credibility of the evidence or substitute its judgment for that of the factfinder.[39] Rather, the reviewing court presumes that the factfinder resolved any conflicting evidence in favor of the prosecution and defers to that resolution.[40]

---

[36] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[37] *Id.*; *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App. – Dallas 2010, pet. dism'd) (adopting *Brooks*).

[38] *See Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

[39] *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

[40] *Jackson*, 443 U.S. at 326.

The reviewing court's role is that of a due process safeguard, ensuring only the rationality of the fact finder's finding of the essential elements of the offense beyond a reasonable doubt.[41]

The sufficiency of the evidence in both jury and bench trials is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case.[42] "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."[43]

### 1.2. The recovery of Appellant's wallet from the getaway car, the DNA evidence, and the surveillance footage were sufficient to establish that Appellant committed the offense

As part of its case-in-chief, the State is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged.[44] Identity may be proven by direct or circumstantial evidence.[45] "In

---

[41] *See Allen v. State*, 249 S.W.3d 680, 688 (Tex. App. – Austin 2008, no pet.).
[42] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).
[43] *Id.*
[44] *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App. – Austin 2000, pet. ref'd) (citing *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984)).
[45] *Id.* (citing *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986)).

fact, identity may be proven by inferences."[46] The jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs of life when giving effect to inferences that may reasonably be drawn from evidence.[47]

Here, the evidence was sufficient for the jury to reasonably infer that Appellant was individual who fled from the scene. Det. Loeb testified that wrecked vehicle in which the assailant had fled belonged to Latiki Bosman. Latiki Bosman was arrested at the scene. Inside the trunk of the car, Det. Loeb found wallets belonging to Latiki Bosman and to Appellant. The jury could reasonably infer from these circumstances that Appellant was the unapprehended assailant and that Latiki Bosman and Appellant had put their wallets in the trunk before committing the offense.[48]

The evidence of identity was bolstered by the DNA evidence retrieved from the firearm. Det. Loeb testified that the shorter assailant escaped with the firearm. Law enforcement found property from Hilda's Grocery littered

---

[46] *Id.* (citing *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981)).
[47] *Jones v. State*, 900 S.W.2d 392, 399 (Tex. App. – San Antonio 1995, pet. ref'd).
[48] *Rodriguez v. State*, No. 11-05-00218-CR, 2007 Tex. App. LEXIS 2251, at *5 (Tex. App. – Eastland Mar. 22, 2007, no pet.) (not designated for publication) (stating "the trial court could infer from Officer Carrasco's testimony that [the defendant] was at the scene of the wreck and that he left his wallet behind when he fled the scene").

around the wrecked car.[49] Law enforcement followed the trail of these items and discovered a firearm in a ditch. The firearm was submitted for DNA testing, which established that Appellant was a possible contributor and excluded Latiki Bosman, Keonte Bosman, and a third unknown mail as contributors. The DNA evidence permitted the jury to rationally conclude that Appellant was the unapprehended party.[50]

The evidence adduced at trial was sufficient to prove the element of identity. The jury could reasonably infer from the wallet, the DNA evidence, and the video surveillance that Appellant committed the robbery. Accordingly, this Court should overrule Appellant's first point of error.

## 2. The State's response to Appellant's second point of error: The trial court did not err in admitting the testimony of Det. Loeb

### 2.1. Standard of Review

The decision to admit or to exclude evidence lies within the sound discretion of the trial court.[51] An appellate court reviews a trial court's decision to admit or to exclude evidence for an abuse of discretion.[52] The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the

---

[49] IV R.R. at 72, 95-96.
[50] *Alvarenga v. State*, No. 05-12-00176-CR, 2013 Tex. App. LEXIS 7568, at *7-8 (Tex. App. – Dallas Jun. 20, 2013, pet. ref'd) (not designated for publication).
[51] *See Monroe v. State*, 864 S.W.2d 140, 143 (Tex. App. – Texarkana 1993, pet. ref'd).
[52] *Montgomery v. State*, 810 S.W.2d 372, 378-80 (Tex. Crim. App. 1991).

facts presented an appropriate case for the trial court's action; rather, it is a question of whether the trial court's decision was arbitrary and unreasonable, made without reference to any guiding rules or principles.[53] Unless a clear abuse of discretion has been shown, a trial court's decision to admit or to exclude evidence may not be disturbed on appeal.[54] If the trial court's ruling was correct on any theory applicable to the case, in light of what was before the trial court at the time the ruling was made, the trial court's judgment must be affirmed.[55] Furthermore, the erroneous admission of evidence will not result in reversal where such evidence came in elsewhere without objection.[56]

### 2.2. The testimony was not speculative but illustrated the course of Det.'s Loeb's investigation

Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[57] "Speculation is mere theorizing or guessing about the possible meanings of facts and evidence presented."[58] However, a witness' testimony is not objectionable just because it embraces an issue to be

---

[53] *Id.*
[54] *Id.*
[55] *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).
[56] *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).
[57] Tex. R. Evid. 602.
[58] *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007).

11

determined by the trier of fact.[59] For example, a police officer is permitted to provide opinions based on circumstances he perceived during the course of his investigation.[60]

In his second point of error, Appellant contends that the trial court erred in overruling his speculation objection to the testimony of Det. Loeb.

> **The State:** Okay. Was [Keonte] able to point you in a different direction?
>
> **Det. Loeb:** Yeah. I had obtained a search warrant prior to interviewing him, of the vehicle that was used, and when I had searched the vehicle, I did find a wallet that belonged to apparently, Paul Harlan. His wallet was in the trunk of the vehicle. There was a Social Security card and a birth certificate, I believe, that was in there that identified him as a potential suspect. There was another wallet in the same trunk that belonged to Latiki Bosman, so I had surmised that most likely the suspects had placed their wallets in the trunk of the vehicle prior to committing the robbery.
>
> **Trial Counsel:** Your Honor, I'm going to object to speculation.
>
> **The State:** If I can respond, your Honor, it goes with regard to his investigation of this case.
>
> **The Court:** All right. Overruled.[61]

Det. Loeb did not guess about the meaning of Appellant's wallet in the trunk of the car; he based his testimony rationally on the circumstances he perceived

---

[59] Tex. R. Evid. 704.

[60] *Salazar v. State*, No. 01-13-00209-CR, 2014 Tex. App. LEXIS 3983, at *14 (Tex. App. – Houston [1st Dist.] Apr. 10, 2014, no pet.) (not designated for publication).

[61] IV R.R. at 138-39.

in the course of investigating the robbery, i.e., that given the circumstances surrounding the discovery of Appellant's wallet, the assailants may have placed their wallets in the trunk of Latiki Bosman's vehicle before committing the robbery. Det. Loeb also had specialized knowledge as a detective.[62] This evidence was admissible as opinion testimony by a lay witness and expert testimony.[63]

Latiki Bosman was arrested at the scene, and his wallet was found in the trunk of the getaway vehicle. Given the presence of Appellant's wallet in the car, it was reasonable, if not elementary, to suspect that Appellant was the unapprehended party. In providing this testimony, Det. Loeb communicated to the jury how he developed Appellant as a suspect. The discovery of Appellant's wallet led to the taking of a DNA sample from Appellant and, ultimately, testing that excluded Latiki Bosman, Keonte Bosman, and a third unknown male – but not Appellant – as contributors to the DNA on the discarded firearm. The trial court did not err in overruling Appellant's objection.[64]

---

[62] *Lowery v. State*, No. 05-08-00899-CR, 2010 Tex. App. LEXIS 1230, at *18-19 (Tex. App. – Dallas Feb. 23, 2010, pet. ref'd) (not designated for publication).
[63] *See* Tex. R. Evid. 701, 702.
[64] *Lowery*, No. 05-08-00899-CR, 2010 Tex. App. LEXIS 1230, at *18-19.

**3. The State's response to Appellant's third point of error: Appellant has failed to establish that the judgment erroneously states that the jury found the enhancement allegation true; the sentence assessed was authorized by law**

The State alleged a prior felony conviction in the indictment.[65] Punishment was assessed by the jury.[66] Appellant pled true to the enhancement allegation.[67] Apart from the enhancement allegation, the State read Appellant's lengthy criminal history into evidence.[68] The jury sentenced Appellant to incarceration for a period of fifty years.[69] The judgment indicates that the jury found the enhancement allegation "true."[70]

Appellant contends that the sentence assessed was unauthorized by law because "the judgment's recitation that the jury found the enhancement paragraph true is not supported by the record."[71] Appellant does not assert that the allegation is not true.[72] Appellant does not cite any authority in support of his position.[73] Recitals contained in a judgment create a presumption of regu-

---

[65] C.R. at 10.
[66] C.R. at 82.
[67] VI R.R. at 4.
[68] VI R.R. at 5-8.
[69] C.R. at 82.
[70] C.R. at 82.
[71] Appellant's Br. at 33.
[72] Appellant's Br. at 32-33.
[73] Appellant's Br. at 32-33.

larity and truthfulness, absent an affirmative showing to the contrary.[74] Appellant has offered no evidence that would rebut the presumptions of regularity and truthfulness. Like the defendants in *Simms v. State* and *Hurd v. State*, Appellant has failed to meet his burden.[75] Additionally, the sentence assessed was within the applicable range of punishment for the unenhanced felony.[76] Accordingly, this Court should overrule Appellant's third point of error.

**4.   The State's response to Appellant's fourth point of error: This Court should reform the judgment to reflect the correct offense**

An appellate court has the authority to correct and reform the judgment to make the record speak the truth when it has the necessary information to do so.[77] The judgment provides that Appellant was convicted of "aggravated robbery with a deadly weapon 2nd."[78] There was no evidence that this was Appellant's second conviction for this offense. This Court should reform the judgment to correctly reflect that Appellant was convicted of "aggravated assault with a deadly weapon."

---

[74] *Simms v. State*, 848 S.W.2d 754, 756 (Tex. App. – Houston [1st Dist.] 1993, pet. ref'd); *Hurd v. State*, No. 01-93-01004-CR, 1994 Tex. App. LEXIS 1484, at *3-4 (Tex. App. – Houston [1st Dist.] Jun. 23, 1994, no pet.) (not designated for publication).
[75] *See Simms*, 848 S.W.2d at 756; *Hurd*, No. 01-93-01004-CR, 1994 Tex. App. LEXIS 1484, at *3-4.
[76] Tex. Penal Code. Ann. §§ 12.32(a) (West 2011), 29.03 (West 2011).
[77] Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).
[78] C.R. at 82.

## PRAYER

The State of Texas prays that this Court will overrule Appellant's three points of error and affirm Appellant's conviction, as modified.

Respectfully submitted,

**Susan Hawk**
Criminal District Attorney
Dallas County, Texas

_Gregory Brian Garrison_

**G. Brian Garrison**
State Bar No. 24065276
Assistant District Attorney
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207-4399
(214) 653-3600 (telephone)
(214) 653-3643 (fax)
Brian.Garrison@dallascounty.org

16

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief has been served on Appellant's Counsel on Appeal, the Hon. Julie Woods, Assistant Public Defender, Dallas County Public Defender's Office, 133 N. Riverfront Blvd., LB 2, Dallas, TX 75207 by electronic service on this the 17th day of June, 2015.

_____
G. Brian Garrison

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief, inclusive of all its contents, is 3,996 words in length, according to Microsoft Office, which was used to prepare this brief, and that this brief complies with the word-count limit and typeface conventions required by the Texas Rules of Appellate Procedure.

_____
G. Brian Garrison