# NOS. 12-22-00185-CR
# 12-22-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN WAYNE ROGERS,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *WOOD COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

### *MEMORANDUM OPINION*

Steven Wayne Rogers appeals his convictions for possession of a controlled substance. In his sole issue, Appellant challenges the trial court's assessment of the fines and court costs against him in each case. We affirm the judgment in Appellate Cause No. 12-22-00185-CR. We modify the judgment in Appellate Cause No. 12-22-00186-CR, and affirm as modified.

### BACKGROUND

In appellate cause number 12-22-00185-CR (trial court cause number 24,323-2020), Appellant was indicted for possession of methamphetamine in an amount of one gram or more, but less than four grams, a third-degree felony.[1] The indictment also alleged that Appellant was convicted of a prior felony, elevating the punishment range to that of a second-degree felony.[2] Appellant made an open plea of "guilty" to the charged offense, and "true" to the enhancement paragraph. After the trial court accepted Appellant's plea and a presentence investigation report (PSI) was prepared, the trial court held a punishment hearing. For this offense, the trial court

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West Supp. 2022).

[2] TEX. PENAL CODE ANN. § 12.42(a) (West 2019).

sentenced Appellant to eighteen years of imprisonment and assessed a $2,500 fine along with court costs in the amount of $355. The trial court also considered an unadjudicated offense in assessing Appellant's punishment in this case.

In appellate cause number 12-22-00186-CR (trial court cause number 24,514-2021), Appellant was indicted for possession of methamphetamine in an amount of less than one gram, a state-jail felony.[3] The indictment also contained two enhancement paragraphs, elevating his punishment range to that of a second-degree felony.[4] Appellant made an open plea of "guilty" to the charged offense, and "true" to the two enhancement paragraphs. At the same sentencing hearing, the trial court sentenced Appellant to fifteen years of imprisonment and assessed a $2,500 fine along with court costs in the amount of $290. The trial court ordered that the sentences run concurrently. This appeal followed.

## FINES AND COURT COSTS WITH INDIGENT DEFENDANT

Appellant contends in his sole issue that the trial court erred in assessing a fine and court costs against him in each case because he was indigent.

### Fines

It is undisputed that Appellant was indigent. As a result, he argues that the trial court's fine was improperly assessed. We disagree.

Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled "Punishments." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)). The relevant punishment statute does not exclude indigent defendants from the assessment of a fine against them. *See* TEX. PENAL CODE ANN. § 12.33(b) (West 2019).

Even so, citing to Article 43.091 of the Texas Code of Criminal Procedure, Appellant argues that "[a] court *may* waive payment of all or part of a fine imposed on a defendant if the court determines that . . . the defendant is indigent or does not have sufficient resources or income to pay all or part of the fine." TEX. CODE CRIM. PROC. ANN. art. 43.091(a)(1) (West Supp. 2022) (emphasis added). While a trial court may waive payment under Article 43.091,

---

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b).

[4] TEX. PENAL CODE ANN. § 12.425(b) (West 2019).

2

nothing suggests that it is required to do so.  *See Ferguson v. State*, No. 06-22-00043-CR, 2022 WL 4180471, at \*2 (Tex. App.—Texarkana Sept. 13, 2022, no pet.) (mem. op., not designated for publication) (analyzing same issue and concluding that trial court has discretion, but not duty, to waive payment of fines assessed against indigent defendants).

We note that Article 42.15(a-1) of the Texas Code of Criminal Procedure requires that, "during or immediately after imposing a sentence in a case," the trial court "shall inquire whether the defendant has sufficient resources or income to immediately pay all or part of the fine."  TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2022).  Both judgments recite as follows:

> Fines Imposed Include (check each fine and enter each amount as pronounced by the court):
>
> X General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $2,500.00 (not to exceed $10,000)
>
> . . . .
>
> After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fine, court costs, and restitution as indicated above.

This recital shows that the trial court conducted an inquiry into Appellant's ability to pay because "[r]ecitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary."  *Simms v. State*, 848 S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (citing *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1985) (op. on reh'g)).  The burden is on the defendant to overcome this presumption.  *Ferguson*, 2022 WL 4180471, at \*2, n.1 (citing *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986)).

Because Appellant does not point to any evidence contradicting the judgment's recital, Appellant has not overcome the presumption of regularity.  *See id.* at \*2 (citing *Breazeale*, 683 S.W.2d at 451).  As a result, we hold that the trial court properly inquired into Appellant's ability to pay the fine but determined that waiver of payment under Section 43.091 was unwarranted, a ruling we do not disturb on appeal.

## Court Costs

Similarly, Appellant argues that the trial court improperly assessed court costs against him in each case because he is indigent.  We likewise disagree with this contention.

A judgment shall "adjudge the costs against the defendant, and order collection thereof . . . ."  *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018).  Requiring a convicted defendant

3

to pay court costs does not alter the range of punishment. *See* **Weir**, 278 S.W.3d at 367. Moreover, court costs do not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment. **Id.**

We have held that a defendant is required to pay all court costs set out in the trial court's judgment, shown in the clerk's certified bill of costs, and authorized by statute, regardless of his indigence or ability to pay. *See* **Johnson v. State**, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.).[5]

As noted by our sister court, "[t]he Due Process Clause of the United States Constitution prohibits a state from denying, solely because of inability to pay, access to its courts." **Allen v. State**, 426 S.W.3d 253, 258 (Tex. App.—Texarkana 2013, no pet.). "This does not mean, though, that court costs cannot be recovered." **Id.** "The Constitution only prohibits the requirement for prepayment or payment in advance, which effectively denies appellate review." **Id.** Accordingly, "a trial court can order an indigent defendant to pay court costs provided payment is not demanded before the trial court proceedings have concluded." *See* **Ferguson**, 2022 WL 4180471, at *2 (citing **Allen**, 426 S.W.3d at 259). We hold that the trial court's assessment of court costs was proper, irrespective of Appellant's indigency. *See* **Johnson**, 405 S.W.3d at 355; *see also* **Ferguson**, 2022 WL 4180471, at *2.

Appellant's sole issue is overruled.

## DUPLICATIVE COURT COSTS

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." **Hurlburt v. State**, 506 S.W.3d 199, 203–04 (Tex. App.—Waco 2016, no pet.). Generally, the cost should be assessed in the case with the highest category offense or, when the convictions are for the same category of offense

---

[5] Appellant does not challenge the sufficiency or basis authorizing the amount of court costs assessed. Rather, he argues only that his indigent status foregoes any requirement to pay any fines or court costs. Furthermore, Appellant also cites Texas Code of Criminal Procedure Article 43.091 in support of his argument that the trial court may waive the payment of court costs. As we have held with respect to fines, nothing requires the trial court, including a recital that it inquired into Appellant's ability to pay court costs in the judgment, to waive costs. *See* **Ferguson v. State**, No. 06-22-00043-CR, 2022 WL 4180471, at *2 (Tex. App.—Texarkana Sept. 13, 2022, no pet.) (mem. op., not designated for publication).

4

and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(b); **Shuler v. State**, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.).

We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2(b); **French v. State**, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in the trial court; we may act sua sponte and may have a duty to do so." **Rhoten v. State**, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing **Asberry v. State**, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)).

Texas courts have held that the assessment of duplicative court costs for two or more offenses tried in a single criminal action is the type of error that we may correct sua sponte, and we have the authority to modify the judgment and correct the error. *See, e.g.*, **Cummins v. State**, 646 S.W.3d 605, 621 (Tex. App.—Waco 2022, pet. ref'd)

In appellate cause number 12-22-00185-CR (trial court cause number 24,323-2020), Appellant was indicted for possession of methamphetamine in an amount of one gram or more, but less than four grams, a third-degree felony.[6] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West Supp. 2022). For this offense, the trial court assessed court costs in the amount of $355. In appellate cause number 12-22-00186-CR (trial court cause number 24,514-2021), Appellant was indicted for possession of methamphetamine in an amount of less than one gram, a state-jail felony.[7] *Id.* § 481.115(a)-(b). The trial court assessed court costs in the amount of $290 for this offense. Additionally, the judgments each contain a document entitled "Attachment A - Order to Withdraw Funds," which provides for the withdrawal of funds from Appellant's inmate trust account of court costs.

Both cases here were tried in a "single criminal action." **Hurlburt**, 506 S.W.3d at 203–04. Therefore, the court costs are duplicative, and the trial court lacked the authority to assess court costs for both cases. *See* **Cummins**, 646 S.W.3d at 621; **Johnson v. State**, No. 12-21-

---

[6] The indictment also alleged that Appellant was convicted of a prior felony, elevating the punishment range to that of a second-degree felony. TEX. PENAL CODE ANN. § 12.42(a) (West 2019).

[7] The indictment also contained two enhancement paragraphs, elevating his punishment range to that of a second-degree felony. *Id*. 12.425(b) (West 2019).

5

00215-CR, 2022 WL 3452262, at *6 (Tex. App.—Tyler Aug. 17, 2022, pet. ref'd) (mem. op., not designated for publication).

Since appellate cause number 12-22-00185-CR (trial court cause number 24,323-2020) is a higher category of offense, we modify the judgment, Attachment A, and the corresponding bill of costs in appellate cause number 12-22-00186-CR (trial court cause number 24,514-2021) to delete the assessment of court costs against Appellant in the amount of $290.  *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c); *see also* TEX. CODE CRIM. PROC. ANN. art. 102.073(b); *Shuler*, 650 S.W.3d at 690.

## DISPOSITION

We have ***overruled*** Appellant's sole issue in each case.  We ***affirm*** the trial court's judgment in appellate cause number 12-22-00185-CR (trial court cause number 24,323-2020) in its entirety.  However, having held that the court costs were improperly duplicative, we ***modify*** the judgment, Attachment A, and bill of costs in appellate cause number 12-22-00186-CR (trial court cause number 24,514-2021) to reflect that the total amount of court costs assessed is $0.00, and ***affirm*** as ***modified***.

GREG NEELEY
Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00185-CR**

**STEVEN WAYNE ROGERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr. Ct. No. 24,323-2020)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00186-CR**

**STEVEN WAYNE ROGERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr. Ct. No. 24,514-2021)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*